UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

IN RE:

RALPH LEVI SANDERS, JR.            CASE NO.: 17-19141-RBR
                                   CHAPTER: 13

    Debtor.
_____/

## OBJECTION TO CHAPTER 13 PLAN

The Bank of New York Mellon, f/k/a The Bank of New York, successor in interest to JPMorgan Chase Bank, N.A. as Trustee for Bear Stearns Asset Backed Securities Trust 2006-SD2, Asset-Backed Certificates, Series 2006-SD2, ("Creditor"), by and through the undersigned counsel, hereby files this objection to the Chapter 13 Plan ("Plan") [DE # 16] and in support, respectfully states the following:

1) Creditor holds a lien on the following property: 561 SW 60 Avenue Plantation, Florida 33317 (the "**Subject Property**") (Loan No. 9122)
2) Creditor intends to file a timely Proof of Claim. Creditor anticipates filing a secured claim in the amount of approximately $394,710.78, with a secured arrearage in the amount of approximately $145,887.80, and an ongoing post-petition payment in the amount of $2,857.82.
3) As Creditor's Claim is secured by the Debtor's principal residence, Creditor objects to any modification of the terms of its mortgage loan pursuant to 11 U.S.C. § 1322(b)(2).
4) The Plan proposes Mortgage Modification Mediation ("MMM") with respect to Creditor's claim. Pursuant to 11 U.S.C. § 1322(b)(2), the terms of the original note and mortgage shall remain in full force and effect unless and until the Creditor and Debtor mutually agree to a loan modification.
5) The Plan proposes adequate protection in the amount of **$1,649.51** per month.

ALAW FILE NO. 17-020249

6) While the proposed adequate protection figure complies with the 31% of gross monthly income requirement; Chapter 13 plans are subject to unlimited amendments, and the Creditor objects to any subsequent plan (prior to confirmation) that proposes a figure below the 31% monthly income requirement.

7) The plan fails to include the required LMM language indicating that the plan will be amended/modified in accordance with the final decision mutually agreed upon by Debtor and Creditor.

8) Furthermore, the Debtor has not filed an MMM Motion. As a result, the Creditor is not officially referred to the MMM Program. The Debtor must file the appropriate pleadings before the court, to coincide to the proposed plan treatment.

9) Finally, as stated the MMM Process has not materialized as yet. As such, Creditor also files this Objection to preserve its rights in regards to a plan that does not conform to a timely filed Proof of Claim by the Creditor.

10) Creditor objects to the proposed Plan treatment.

11) Creditor's claim should be treated as fully-secured until ordered otherwise by the Court.

12) Creditor reserves the right to amend this Objection.

WHEREFORE, Creditor respectfully requests that this Honorable Court sustain the objection and deny confirmation of the Plan.

/s/Scott Lewis, Esq.
Scott C. Lewis, Esq.
FBN 112064
813-221-4743 ext. 2603

**Albertelli Law**
Attorney for Secured Creditor
PO Box 23028
Tampa, FL 33623
Facsimile: (813) 221-9171
bkfl@albertellilaw.com

ALAW FILE NO. 17-020249

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 25th day of August, 2017, I served a copy of the foregoing on the parties listed below.

### SERVICE LIST

Ralph Levi Sanders, Jr.
561 SW 60 Ave.
Plantation, FL 33317

Michael H. Johnson
3601 W. Commercial Blvd. #31
Ft. Lauderdale, FL 33309

Robin R Weiner
www.ch13weiner.com
POB 559007
Fort Lauderdale, FL 33355

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130

/s/Scott Lewis, Esq.
Scott C. Lewis, Esq.
FBN 112064
813-221-4743 ext. 2603

**Albertelli Law**
Attorney for Secured Creditor
PO Box 23028
Tampa, FL 33623
Facsimile: (813) 221-9171
bkfl@albertellilaw.com

ALAW FILE NO. 17-020249